UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NATHANIEL JAMAR HUDSON,

        Plaintiff,                     Case No. 1:07-cv-256

v.                                          Honorable Gordon J. Quist

LISA ENGLISH et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff is incarcerated in the Bellamy Creek Correctional Facility (IBC). He sues IBC Assistant Resident Unit Manager Lisa English and IBC Assistant Deputy Warden David Johnson. Plaintiff received a minor misconduct ticket for possession of contraband. Specifically, the officer found tobacco in Plaintiff's cell during a routine cell search. Because Plaintiff was housed in a "non-smoking" cell, he was not permitted to possess tobacco. Defendant English conducted an administrative hearing on February 2, 2007. Plaintiff told English "that the only reason he signed the [non-smoking] agreement was due to the fact he had asthma, and due to health care's negligence in proscribing [sic] him a 'special accommodation' non-smoking cell (detail), he was forced into signing the agreement to protect his health." (Compl., 3.) Plaintiff maintained that because he was coerced to enter into the non-smoking agreement, it was an invalid contract and the misconduct should be dismissed. Defendant English found Plaintiff guilty and sanctioned him with fourteen days loss of privileges. Plaintiff appealed, claiming that his due process rights had been violated. Defendant Johnson denied the appeal.

Plaintiff claims that Defendants violated his Fourteenth Amendment due process rights and his Eighth Amendment right against cruel and unusual punishment. He alleges that being confined to his cell for fourteen days "increas[ed] his level of stress further triggering psychosomatic symptoms, such a headaches, depression, and further upsetting a possible gastric ulcer he has recently reported to health care staff." (Compl., 5.) Plaintiff seeks damages of $1100.00 for each day of his wrongful confinement.

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Due Process**

Plaintiff claims that he was convicted of a minor misconduct in violation of his due process rights. In order to show the deprivation of a liberty interest protected by the Fourteenth Amendment, a prisoner must show that the act extended the duration of his sentence, or that he suffered an atypical, significant deprivation. *See Sandin v. Conner,* 515 U.S. 472, 484, 486-87 (1995). Here, Plaintiff does not allege that he lost good-time credit as the result of his minor misconduct conviction. Moreover, a fourteen-day loss of privileges does not amount to an atypical or significant hardship. *See Ingram v. Jewell*, No. 03-1935, 2004 WL 619428, at *2 (6th Cir. Mar. 24, 2004) (a fourteen-day loss of privileges did not deprive prisoner of a protected liberty interest because the sanctions neither extended the duration of his sentence nor imposed an atypical, significant deprivation); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000) ("Green had no due process liberty interest in the minor misconduct hearing because he did

not allege any punishment that affected the duration of his confinement, or that constituted an atypical and significant hardship."); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999) ("Staffney suffered no loss of good time credits as a result of his minor misconduct conviction and the sanctions he received do not represent a liberty interest recognized by the constitution."). Because Plaintiff did not have a liberty interest at stake, he fails to state a due process claim arising from his minor misconduct conviction.

      B.    **Eighth Amendment**

Plaintiff contends that the fourteen-day loss of privileges also violated his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

A fourteen-day loss of privileges does not rise to the level of an Eighth Amendment violation. Plaintiff's loss of privileges was no more restrictive than placement in administrative

segregation. The Supreme Court has held that placement in administrative segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). The Sixth Circuit also has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999). Although it is clear that Plaintiff was denied certain privileges for fourteen days, he does not allege that he was denied basic human needs. Plaintiff, therefore, fails to state an Eighth Amendment claim.

## **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

/s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   April 24, 2007

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).